UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MYRIAM NOVEDA,<br><br>       Plaintiff,<br><br>-against-<br><br>U.S.P.S.,<br><br>       Defendant. | 23-CV-6041 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, who resides in Queens County, New York, brings this action *pro se*. She alleges that she was fired from her employment in Queens County, with the United States Postal Service (USPS), due to discrimination based on her age, race, color, religion, sex, and national origin. She invokes the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621-634; Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e-2000e-17 (Title VII); and 42 U.S.C. § 1981. She also asserts claims against the USPS under the New York State and City Human Rights Laws. For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

**DISCUSSION**

**A. Proper Defendant**

  In a federal employee's discrimination suit under Title VII, "the head of the department, agency, or unit, as appropriate, shall be the defendant." *Marshall v. Nat'l Assoc. of Letter Carriers Br. 36*, No. 00-CV-3167 (LTS), 2003 WL 223563, at *7 (S.D.N.Y. Feb. 3, 2003) (citing 42 U.S.C. § 2000e–16(a)); *Mitchell v. Chao*, 358 F. Supp. 2d 106, 112 (N.D.N.Y. 2005) ("The United States has only waived [sovereign] immunity with respect to Title VII against the head of the agency where the plaintiff is employed.") (citation omitted). Thus, the Postmaster General

has been found to be the proper defendant in a Title VII action involving the USPS. *See Ellis v. U.S. Postal Serv.*, 784 F.2d 835, 838 (7th Cir. 1986) (dismissing claims against the Postal Service because "in a Title VII action alleging discrimination in the Postal Service, the only proper defendant is the head of the agency—the Postmaster General.").

In addition, "in light of the fact that the portion of the ADEA applicable to federal employees was patterned after a similar provision in Title VII," the Postmaster General is also the proper defendant in an ADEA action. *Id.* at 838; *see also Neary v. Weichert*, 489 F. Supp. 3d 55, 65 (E.D.N.Y. 2020) ("Although the ADEA does not specify who the proper defendant should be in an age-based discrimination suit against federal employers, courts have held that the proper defendant in a federal employee's ADEA suit is the head of the agency."); *Healy v. U.S. Postal Serv.,* 677 F. Supp. 1284, 1289 (E.D.N.Y. 1987) ("[T]his court holds that the only proper party defendant in a suit against the Postal Service under the ADEA is the Postmaster General of the United States."). Because Plaintiff is proceeding *pro se*, the Court liberally construes the complaint against the USPS as being brought against the Postmaster General and substitutes the Postmaster General as the defendant in this action in lieu of the USPS. This substitution is without prejudice to any defenses the Postmaster General may wish to assert.

**B.      Venue of ADEA Claim**

For an ADEA action brought against a federal official, venue is governed by 28 U.S.C. § 1391(e). Section 1391(e) provides:

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of

2

> the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e).

Under this section, a defendant who is an officer or employee of the United States is deemed to reside where his official duties are performed. *Caremark Therapeutic Servs. v. Leavitt*, 405 F. Supp. 2d 454, 464 (S.D.N.Y. 2005) ("[V]enue with respect to a federal officer or employee is proper in the place of his or her official residence, where his or her official duties are performed."); *Archuleta v. Sullivan*, 725 F. Supp. 602, 605 (D.D.C. 1989) (holding that proper venue for former employee's ADEA claim was the district in which head of defendant government agency maintained his office and performed his duties); *Scaria v. Secretary of U.S. Dept. of Agriculture*, No 90-CV-3223, 1991 WL 99210, at *1 (S.D.N.Y. May 30, 1991) (same).

Here, the Postmaster General's official duties are not performed within this district, and venue of Plaintiff's ADEA claim thus does not lie in this district under Section 1391(e)(A). Next, Plaintiff states that she worked for the USPS in Queens County (ECF 1 at 3), and it therefore appears that the events giving rise to her ADEA claims took place outside this district. Venue of the ADEA claim thus does not lie in this district under Section 1391(e)(B). Finally, because Plaintiff resides in Queens County (ECF 1 at 2), venue is also not proper here under Section 1391(e)(C). Accordingly, venue of Plaintiff's ADEA claim does not appear to be proper in this district.

Venue of the ADEA claim against the Postmaster General is proper, however, in the Eastern District of New York. Because Plaintiff resides in Queens County, venue of

her ADEA claim against a federal official is proper in the Eastern District under Section 1391(e)(C). 28 U.S.C. § 112(c) (Queens County is within the Eastern District of New York). Plaintiff also worked in Queens County, which makes venue of her ADEA claim against a federal official proper in the Eastern District under Section 1391(e)(B). Venue of Plaintiff's ADEA claim thus is proper in the Eastern District of New York but not this district.

C.     **Venue of Title VII Claim**

Title VII includes a venue provision, which provides:

> [I]n any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).

Under Title VII's specific provision, venue of a claim under this section is proper in any district in the State in which the plaintiff was employed. 42 U.S.C. § 2000e-5(f)(3). Plaintiff was employed in Queens County, New York, and thus venue of the Title VII claim is proper in any district in New York, including the Eastern District of New York and this district.

In a case in which multiple claims are joined, venue must be proper for each claim. *See Kim v. Lee*, 576 F. Supp. 3d 14, 23 (S.D.N.Y. 2021) ("Where a plaintiff asserts multiple claims, venue must be proper as to each of the claims asserted . . .") (quotation marks and citation omitted), *aff'd*, No. 22-61, 2023 WL 2317248 (2d Cir. Mar. 2, 2023).[1] Because venue of

---

[1] The Court does not consider venue of Plaintiff's claims under 42 U.S.C. § 1981 or state law. *See, e.g., King v. U.S. Postal Serv.*, No. 01-CV-8876 (GEL), 2002 WL 1067825, at *3 (S.D.N.Y. May 29, 2002) (Section "1981 does not protect against alleged discrimination under

4

Plaintiff's ADEA and Title VII claims is proper in the Eastern District of New York, but venue of the ADEA claim is not proper in this district, the Court concludes that transfer to the Eastern District of New York in the interest of justice, where both claims can be heard, is warranted. 28 U.S.C. § 1404(a); *see also Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001) (holding that a plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there).

## CONCLUSION

The Clerk of Court is directed to substitute the Postmaster General as defendant in this action in lieu of the USPS, and to transfer this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes the case in the Southern District of New York.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   July 18, 2023
         New York, New York

                                             /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                             Chief United States District Judge

---

color of federal law."); *Rivera v. Heyman,* 157 F.3d 101, 105 (2d Cir. 1998) (affirming dismissal of New York State and New York City human rights laws claims because a Title VII claim was the only action a federal employee alleging employment discrimination could bring).

5